Thank you, Your Honors. Chris Davis, appearing on behalf of Appellants with the Nevada Attorney General's Office. Again, I'm not certain how much more you want me to go into the jurisdictional requirements of this. As promised, I have one set of questions prompted by an argument that was made by the appellee in this case. The actual jurisdictional limit is not imposed by the federal rules. It is imposed by 28 U.S.C. 2107. And so my question is, how do you reconcile your position with the text of 2107, which says that, you know, you must appeal within 30 days after the entry of such judgment, order, or decree? And you're appealing an order that was entered on a particular date. And so you see the question. You're appealing more than 30 days after that. Again, Your Honor, I respectfully disagree. We're not appealing an order. We're appealing a judgment. Because the statute doesn't define what judgment is. The rules define what a judgment is. And a judgment is an order from which an appeal lies. For example, you could, again, do the same thing at the end of the case, right? If you have an order denying a motion for summary judgment, that is not a judgment, right? But it is an order. And so you could say you have to appeal 30 days from the order. But we all know that that's not the case, Your Honor. We all know that there has to be at the end of the case, in that particular instance, because this Court has repeatedly held so, that you need a judgment. And time for appeal does not begin to run until that judgment is entered. But perhaps, I think perhaps the difference there is that when you're appealing a final judgment, what a final judgment is, is a legal construct. And the rules can define what that is. And they do define what that is. The entry of the order is, you know, a fact that happened in the world and that is the triggering event under the statute. And I don't see how the rules can say that the order was entered at some time other than, you know, when it showed up on the docket. Well, the thing is, I think there's a difference there. Because the thing is, I think because you're confusing that this is not, like I say, under the rules, the definition, it is a judgment. Are you saying the judge is confused? It's certainly possible. I'm not saying he's confused. I'm saying he's confusing the two issues. Sorry, Your Honor. But if you can explain why. Because the rules define what a judgment is. And the thing is, is that, you know, we all have the layman's thing of what a judgment is in our heads, right, Your Honor? But that's not what the layman believes a judgment to be. It's not what the rule says the judgment is to be. But we're not laymen. That's right, Your Honor. And I agree. And that's why I'm here arguing this before you. And fully expect that the honors are going to come to an appropriate decision in this matter. The rules say what a judgment is. And the judgment is an order from which an appeal lies. And that's why this is a judgment and not an order. Doesn't an order have to be final? With certain exceptions for interlocutory orders. Doesn't the order have to be final in order for it to be appealed from? And that's what the Supreme Court says, because it involves qualified immunity, that it is a final. This is a final decision on this issue. Is it a final order? What case says that a denial of qualified immunity in an order is a final order? What case says that? The cases say you're allowed to appeal it in a locatory, but they don't say it's a final order. Yes, they do, Your Honor. Okay, which case says that? It is. Excuse me. And while you're looking at it. I happen to have that case in front of me in this particular oral argument, but it is the Barron. Hold on. Let me ask you this question. Are you saying it's a Supreme Court decision that says an order denying qualified immunity is a final order? Yes, I do. Okay, it's a Supreme Court case. The Supreme Court case. And I believe it's the Barron case. It's either the Barron case. It's the two Supreme Court cases that I've been relying on in this issue at all. It's Plumhoff and Barron. Plumhoff and Barron. But Mitchell against Forsyth, which is what created the whole, which is what initially recognized that qualified immunity denials are appealable, I think used the phrase not withstanding the absence of a final judgment, didn't it? They do, Your Honor. But the thing is, is then what happened was, is at least from my understanding, you know, and this is my understanding of how the history went, they then came to the case that says that, the case that came up with a sufficiency of the evidence. And that was very confusing. And I think it's still confusing to this Court based on the, if you'll read the opinions from this Court on different decisions. I think the person who got it both correctly right was Judge Bybee in the Carley case. Because it says that, because he says that, you know, it is a final decision and this is an issue of law. Well, he doesn't say it's a final decision, sorry. But he says, he says this is a, this is determining whether or not you have qualified immunity is a matter of law. And you just, you just do the proper analysis. Right. But I guess I'm not sure how that helps with the sort of the original question, which is that this is an order. I mean, it's, it's called the collateral order doctrine, right? Not the collateral judgment doctrine. So what is your explanation for why, why it's not an appeal of an order? Well, Your Honor, the same thing. You could say the same thing with the N. They don't call a motion, an order denying a motion for summary judgment, a judgment. They call it an order. But the only reason it's called a judgment is because we then look to it and see, well, did this order, this motion for summary judgment, did it end up just resolving the dispute between all parties and all issues? Well, the case you cited, Planoff, at page 771, 572 U.S. 771, makes the very distinction. An order denying a motion for summary judgment is generally not a final decision within the meaning of 1291 and is thus generally not immediately appealable. But that general rule does not apply when the summary judgment motion is based on a claim of qualified immunity. As a result, pretrial orders denying qualified immunity generally fall within the collateral order doctrine. It doesn't say it's a final decision. It says it falls within the collateral order doctrine. And I'll come up with a, I'll make sure I have the exact case for Your Honor when I come up with that. Well, that's what you told me. You told me Planoff. Planoff and Barron. I cited two cases. Well, let's look at Barron then. Go ahead. I'll look at that while you. Is that all the questions with respect to timeliness? Are there any others? That's all for me for now. Okay. I want to talk to one of the arguments that I raised, okay? They talk about, well, they talk about this. You know, they talk about that this is kind of superfluous language. And what they're doing is actually creating ambiguity where no ambiguity exists. The Rule 58 Court Definition of Judgment does not create an ambiguity. I think the argument is that, counsel, I think the argument is that the superfluous language that's created by adopting the interpretation you're advancing is the word order in Rule 4. So to accept your argument, which I understand why you're making it, it's a self-serving argument, which is where we are appealing a judgment. Judgment is defined in this way. But Rule 4 very clearly includes language, judgment, or order. And to adopt your interpretation would require us to excise out the word order from the very rule that dictates the timeline to file an appeal. No, Your Honor, it would not. Because Rule 58 expressly delineates which orders, which do not require a separate document. It goes through, I think, six different categories of orders that aren't, which I have said, for example, Rule 60 order is not one of the orders that are final judgment. But... And I want to note in this case, because this is the case that I think really highlights the practical considerations that support the committee's notes the most. And I think counsel for the defendant make this argument in their opening brief, starting at page 21, where they talk about judicial efficiency and the real disruption to the administration of justice when we have this kind of delay. In this case, which there were 150 days that passed between the time that the order was entered on the docket and an appeal was filed, the defendant filed two motions to set a trial date and also was admonished by the district court, I think your office as well, for not filing a joint proposed pretrial order, which would have allowed the court to then set a trial date. And one of the things that the defendant complained about was his inability to communicate with or get any sort of response from your office on filing a pretrial order, which would have allowed him to then set a trial date, which he otherwise would have been able to do had this case been appealed in a timely way. And I wish I had the answer to that, Your Honor, about what happened before the case, because it's before my time at the Attorney General's office. And I'm not familiar with those specific facts in order to provide you with a decision, an answer that would make that clear. But the thing is, is the Yukart case and the D.C. You keep citing the Yukart case, but the Fifth Circuit did not enter it. You know, this is really mostly relevant because the Fifth Circuit case is not binding on this court. But it did not decide what it decided without reservation. There is quite a bit of discussion in that case about the sort of problematic nature of adapting the interpretation that you're urging today. I don't think they had reservations about it. That's not my interpretation of the case. They had reservations. They understood the reservations that the party opposing this had. But the thing is, is what they came to the conclusion was, and like I said, I don't interpret it the same way as the Yukart case. I don't think the advisory committee notes was trying to say, hey, we're going to just ignore the Supreme Court that says this has to be mechanically applied. I have a different interpretation. I presented that to Your Honor. But they said, irrespective of the notes, that the notes do not trump the Supreme Court that says that this has to be mechanically applied. And they relied. It has to be mechanically applied once it's determined what is included in there. So you don't, that doesn't help you, in my view, to say it must be mechanically applied because we have to first determine what the rule is before we mechanically apply it. So to me, that argument is not reasonable. I think the mechanically applied comes from that you have to follow it by the plain language. When I think what they're referring to by mechanically applied is you're not supposed to take into these other considerations, for example, what Judge Desai is talking about. You're not supposed to say, hey, you know, in this instance it would be unfair to do this. So we're not going to do it. I'm not saying it's unfair. We're trying to reconcile the contents of the rule, the cases that have interpreted the rule and the statute. So we're not doing this in a vacuum. We have to look at the whole statutory scheme when we're deciding this. And we can't just isolate one phrase and go with that. Well, I'm not asking you to. In fact, I'm asking you to take the rules as a whole but not also not ignore any phrases. You can't also ignore any phrases that are in the rule. But we have to look at the established interpretation of those phrases because the fact that there is no case in the Ninth Circuit that supports your view. And that's what I was talking about with respect to the Corrigan case. They were making kind of the same kind of argument. It happened to be a habeas case. And they were saying, well, here, you know, we have this order. There's no separate judgment. But in this habeas case, they were saying, hey, he had so many days to appeal it and he didn't do it. But there was no judgment in it. And because there was no judgment in it, they said we have to follow the Supreme Court. We've heard the argument. Okay. We'll give you a minute for rebuttal. Okay. I'm going to return my time. The rest. You don't have any time. Oh, sorry. You've exceeded your time. Thank you, Your Honor. We'll give you a minute for rebuttal. Good morning, counsel. Good morning. May it please the Court. Becca Steinberg for Applee. Michael McNeil. This Court. And we thank you for accepting this case pro bono. Thank you, Your Honor. This Court lacks jurisdiction to hear this case. And defendant's argument to the contrary is irreconcilable with the text of 28 U.S.C. Section 2107. Under 2107, the Court cannot hear any appeal unless a notice of appeal is filed within 30 days after entry of the judgment, order, or decree being appealed. Here, defendants are appealing a collateral order denying qualified immunity. But instead of appealing within 30 days of that order, they waited 150 days to file their notice of appeal. Nothing in the statute, rules, or this Court's precedent gives them the ability to flout that jurisdictional deadline. The case is therefore time-barred, and the Court should dismiss this appeal. So on your reading of 2107, what do we do with FRAP 4A-7, which tells us that it uses the language of orders as a judgment or order is entered, and then, you know, if Civil Rule 58 requires a separate document, you know, when the separate document is entered or 150 days runs out. So, I mean, how do you reconcile that with the statute? So first is under the Rules Enabling Act. This is 28 U.S.C. Section 2071. The rules cannot be inconsistent with the statute. So to the extent that there is conflict between those two, it is the statute, not the rules, that control. Further, right, based on the arguments that we've raised in our brief, we think that that would create tension in the rules, as well as the fact that it is the Ninth Circuit consistent practice to dismiss cases that are filed more than 30 days after the entry of a collateral order. And, Judge Miller, as you pointed out earlier this morning, it appears to be a pretty universal practice to dismiss cases that are appealing a preliminary injunction more than 30 days after the entry of that preliminary injunctive order. So, you know, we think that to the extent that 4A has any inconsistency with the rule, it ought not to be construed, or any inconsistency with the statute, it ought not to be construed in that way. And do you think, could we say that without also saying that 4A-7 is contrary to the statute to the extent that it gives 150 days for final judgments? To the extent, yes, because as, you know, Judge Miller, you pointed out earlier, there's a difference between an order being entered and a judgment being entered. So when an order is being entered, that's just something that happens. It has a plain meaning for the statute. But the entry of a judgment doesn't always have a plain meaning for the statute. And that's the work that the rules are doing. The rules are clarifying what it means to enter a judgment in cases where it's not otherwise so clear based on the statute. And I'd like to, Judge Miller, you just raised the 150-day issue. That was raised as a practical argument for the first time in reply. So I'd like to address that. I would point this Court to the 2002 advisory committee notes that deal specifically with FRAP 4. So this is different than the advisory committee notes that are cited in the briefing. 150 days serves a signaling function that the district court, quote, has entered its last order and, quote, is done with their case. You don't get that same 150-day signaling function, whereas here the district court isn't done with this case because it's continuing to move towards trial. And the practical impacts that we talked about in Judge Desai that you asked about earlier are exactly what we see here, where my client, who is pro se below, didn't have the, you know, was trying to move towards trial, was met with delay and delay and delay until on day 150, you know, a notice of appeal was filed. But, frankly, none of that matters because the statute itself is jurisdictional, and 2107A has a plain meaning as it applies to the entry of an order. I'm happy to answer this, any further questions that the Court has on the timeliness issue. I know you've had a lot of opportunity to talk about it earlier, so if not, I. It appears not. Okay. And similarly, if the Court has any questions on the merits, I'm happy to address those. Otherwise, with respect to the merits, we'll rest on our brief. It appears not. Thank you, counsel, and thank you once again for your pro bono service. Thank you. Rebuttal. Let's have one minute. Yes. Thank you, Your Honor, and I want to get to this, the Rule 4, the statutory question first. Because if you look at, I mean the statutory question, because if you look at Rule 4 and the statute, they're almost identical. They talk about the same thing, judgment, order, in the same order that the statute does. And if you take counsel's argument, then Rule 4 has decided to follow the language of the statute, and yet decided to define judgment contrary to what supposedly the statute does. But the problem with that argument is, Your Honor, the statute doesn't define what judgment is. It is the rules that define what judgment is. And because it's an order from which an appeal lies, that is a judgment, and it has to be mechanically applied. With respect to final, I would just like to refer the court to my briefs with respect to the arguments of qualified immunity, because we assert that defendants are entitled to qualified immunity because there's no clearly violation. None of these defendants had any involvement in the disciplinary hearing. And therefore, because lack of personal participation in the disciplinary hearing, they couldn't deprive anything anybody. Because the 14th Amendment is only violated if you deprive somebody of life, liberty, or property. None of these defendants deprived Mr. McNeil of anything. Thank you, Your Honor. Thank you. The case is argued and submitted for decision by the court. We thank both counsel.
judges: RAWLINSON, MILLER, DESAI